IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                            Case Nos.:  3:13cr52/LAC/EMT
                                                           3:15cv517/LAC/EMT

JOHN W. RUDOLPH,
        Reg. No. 22069-017

_____

## **ORDER, REPORT AND RECOMMENDATION**

This matter is before the court upon Defendant's "Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 57).   The Government filed a response (ECF No. 59), and Defendant filed two motions to supplement (ECF Nos. 60, 61).[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.   *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review

_____

[1] The full title of the two motions are as follows: "Motion to Supplement or Amend Affidavit to Current 28 U.S.C. § 2255 and to Rebut and Oppose Government's Affidavit" (ECF No. 60), and "Motion for Leave to Supplement § 2255 Base on [sic] *U.S. v. Mathis* No. 15-6092 (2016) and *Davis v. U.S.* 417 See Also U.S. v. Mays 817 F.3d 728 no. 14-13477 11th Cir. 2016 *See Hinkle v. U.S.* No. 15-10067 (5th Cir. 2016)" (ECF No. 61).   The former motion is essentially an untimely reply to the Government's response which adds little to Defendant's claims.   Nevertheless, the court will consider the belated reply, as well as the arguments set forth in the latter motion.

of the record and the arguments presented, it is the opinion of the undersigned that Defendant has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.    *See* Rules 8(a) and (b), Rules Governing Section 2255 Cases.

## PROCEDURAL BACKGROUND

On May 22, 2013, Defendant John W. Rudolph was charged in a three-count indictment with possession with intent to distribute an indeterminate amount of cocaine, methamphetamine, and marijuana ("Count One"); possession of a firearm in furtherance of a drug trafficking crime ("Count Two"); and possession of a firearm by a convicted felon ("Count Three") (ECF No. 10).    The charges arose from Defendant's arrest on April 26, 2013, which occurred after law enforcement received information that Defendant, who had active arrest warrants, was armed and at a motel in Pensacola, Florida.    When Defendant was arrested, he was in possession of drugs and firearms, as charged in the indictment.

The Government filed a Notice of Enhancement Information on May 28, 2013, listing three prior felony controlled substance convictions (ECF No. 14).    On June 12, 2013, the Government filed a "supplement" thereto in which it amended or

corrected the statutory references governing the enhanced penalties from 21 U.S.C. §§ 841 and 851 to 18 U.S.C. § 922 and 924(e) (ECF No. 18).

On June 26, 2013, represented by Assistant Federal Public Defender Randall Lockhart, Defendant entered a guilty plea pursuant to a written agreement and statement of facts (ECF Nos. 21–23).

The probation office prepared a Presentence Investigation Report which was amended twice before sentencing (ECF Nos. 25, 28, 30). The Second Final Presentence Investigation Report ("PSR") assessed a base offense level of 24, with a two-level increase because one of the firearms was stolen. Defendant's adjusted offense level would have been 26, but for his qualification as a career offender and an armed career criminal. After a three-level downward adjustment for acceptance of responsibility, his total offense level was 31 (ECF No. 30, PSR ¶¶ 29–33). Defendant's criminal history would have been IV, but for his classification as a career offender and armed career criminal, which made it VI (PSR ¶¶ 42–43). The applicable guidelines range based on a total offense level of 31 and a criminal history category of VI started at 188 to 235 months (PSR ¶ 78). Pursuant to § 4B1.1(c)(2)(A), the guidelines range became 248 to 295 months, and pursuant to §4B1.1(c)(2)(B), the guidelines range increased to 262 to 327 months (PSR ¶ 78).

Case Nos.: 3:13cr52/LAC/EMT; 3:15cv517/LAC/EMT

At sentencing, the defense requested that the court impose a 240-month sentence, which was at the bottom of the two mandatory minimum ranges (ECF No. 47 at 2–3). Counsel contrasted the minimal quantity of drugs involved in Count One with the significant impact the drug possession charge had on Defendant's sentence, due to the career offender status stemming from it (ECF No. 47 at 3–4). Counsel's strenuous arguments in behalf of his client were unavailing. The court imposed a total sentence of 290-months imprisonment, which was comprised of two, 230-month concurrent sentences on Counts One and Three, followed by a mandatory consecutive 60-month term on Count Two (ECF No. 32, ECF No. 33 at 4, ECF No. 47 at 17).

Defendant appealed his sentence, contending that the district court erred in determining that he was a career offender and an armed career criminal and that his sentence was both procedurally and substantively unreasonable (ECF No. 50). The Eleventh Circuit found no error and affirmed.

Defendant timely filed the instant motion, raising four grounds for relief. The Government opposes the motion in its entirety. Defendant also filed a supplemental claim, to which the Government was not required to respond.

Case Nos.: 3:13cr52/LAC/EMT; 3:15cv517/LAC/EMT

ANALYSIS

General Standard of Review

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." *Spencer v. United States*, 773 F. 3d 1132, 1138 (11th Cir. 2014). Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255.   *Nyhuis*, 211 F.3d at 1343 (quotation omitted).   Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised.   *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).   An issue is "'available' on direct appeal when its merits can be reviewed without further factual

development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims generally are not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable

Case Nos.: 3:13cr52/LAC/EMT; 3:15cv517/LAC/EMT

professional norm and that he was prejudiced by this inadequacy.   *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). *Strickland*'s two-part test also applies to guilty pleas.   *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).   A defendant will be required to show that but for counsel's errors, he would not have pleaded guilty and would have instead insisted on proceeding to trial.   *Id.* at 163 (quoting *Hill*, 474 U.S. at 59).   A defendant must "convince the court that a decision to reject the plea bargain would have been rational under the circumstances."   *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).    In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances."   *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for*

*Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007).   Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance."   *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight.   *Strickland*, 466 U.S. at 689.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."   *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*, 218 F.3d at 1315.   "[T]he fact that a particular defense ultimately proved to be unsuccessful [does not] demonstrate ineffectiveness."   *Chandler*, 218 F.3d at 1314. When reviewing the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   *Chandler*, 218 F.3d at 1316 n.18.

Case Nos.: 3:13cr52/LAC/EMT; 3:15cv517/LAC/EMT

To establish prejudice, defendant must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*). For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687). Or in the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United States*, 531 U.S. 198, 203–04 (2001). A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance." *Id.* at 203.

To establish ineffective assistance, a defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Furthermore, counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement); *Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not

ineffective for failing to raise issues clearly lacking in merit); *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (counsel not ineffective for failing to object to "innocuous" statements by prosecutor, or accurate statements by prosecutor about effect of potential sentence); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror selection procedures where such a motion has never been sustained because such a motion would not have been successful).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have

acted in the circumstances as defense counsel acted.    *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).    "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"    *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).    The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory."    *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.    A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."    *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301

(11th Cir. 2008).    Not every claim of ineffective assistance of counsel warrants an

evidentiary hearing.    *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730

F.2d 707, 708 (11th Cir. 1984)).    To be entitled to a hearing, a defendant must

allege facts that, if true, would prove he is entitled to relief.    *See Hernandez v.*

*United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).    A hearing is not required on

frivolous claims, conclusory allegations unsupported by specifics, or contentions

that are wholly unsupported by the record.    *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold

a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported

generalizations") (internal quotation marks omitted); *Peoples v. Campbell*, 377 F.3d

1208, 1237 (11th Cir. 2004).    Even affidavits that amount to nothing more than

conclusory allegations do not warrant a hearing.    *Lynn*, 365 F.3d at 1239.    Finally,

disputes involving purely legal issues can be resolved by the court without a hearing.

Ground One

Defendant first contends that his sentence was illegal because it should not

have been "enhanced" pursuant to § 924(c)(1)(A).    He contends that there was no

evidence that his possession of the firearms actually furthered the drug trafficking

and as such there was insufficient evidence to convict him of the offense charged in Count Two.

Defendant's assertion contradicts the signed factual basis for the plea, which states that he possessed the firearm for protection of his drugs and drug proceeds (ECF No. 21 at 2).   At Defendant's rearraignment, he acknowledged under oath that the facts contained in the factual basis were true and correct (ECF No. 46 at 10). A defendant's own statements during a plea colloquy constitute a formidable barrier in any subsequent collateral proceedings.   *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).   Declarations under oath in open court carry a strong presumption of verity.   *Id.   United States v. Medlock*, 12 F. 3d 185, 187 (11th Cir. 1994). Moreover, "[w]here the purpose of a firearm is to protect drugs, a reasonable jury can conclude that a defendant possessed a firearm in furtherance of a drug-trafficking activity."   *United States v. Mathis*, 519 F. App'x 643, 650 (11th Cir. 2013 (citing *United States v. Woodward*, 531 F.3d 1352, 1362 (11th Cir. 2008)). Furthermore, even without Defendant's express admission, the court could have made the requisite finding to sustain a conviction.   The Eleventh Circuit has stated that the "nexus between the gun and the drug operation can be established by 'the type of drug activity that is being conducted, accessibility of the firearm, the type of

the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the drugs are found." *United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002) (citations omitted). These factors, while not exclusive "distinguish possession in furtherance of a crime from innocent possession of a wall-mounted antique or an unloaded hunting rifle locked in a cupboard." *Id.*

Defendant also argues that the enhancement pursuant to § 2K2.1(b)(4)(A) should not have applied (ECF No. 30, PSR ¶ 23). Even if this claim was not procedurally barred because it should been raised on direct appeal, Defendant cannot show prejudice because the Chapter Two guidelines calculations were superseded by the Chapter Four enhancement.

In sum, Defendant is not entitled to relief on either of the two claims raised in Ground One of his motion.

Ground Two

Defendant's second ground for relief alleges multiple deficiencies in the indictment. He claims that the indictment is duplicitous and multiplicitous, fails to establish jurisdiction, and is legally insufficient due to the "jumbled cummingling

Case Nos.: 3:13cr52/LAC/EMT; 3:15cv517/LAC/EMT

[sic] of the elements in the indictment count" (ECF No. 57 at 5).    Defendant appears to suggest that two offenses were improperly charged in one count although separate evidence is required to prove each charge, while simultaneously claiming that he should not have been placed in jeopardy twice for the same offense.

As before, the claims raised in Ground Two, to the extent they can be discerned, are procedurally barred.    Also, the court's review of the indictment does not reveal any deficiencies.    The charges in Counts Two and Three, while both concern firearms, involve separate conduct and require separate proof.    The indictment is not deficient, and no relief is warranted.

Ground Three

Defendant's third ground for relief is that his sentence was illegally calculated. He claims that he should not be subject to an enhancement under § 924(e) after the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) because he does not have the proper predicate convictions.    Similarly, he argues that he should not have been subject to a career offender enhancement under U.S.S.G. § 4B1.1.

According to Defendant's PSR, he was both a career offender (which requires two predicate convictions) and an armed career criminal (which requires three

predicate convictions) (ECF No. 30, PSR ¶ 29).    Defendant's offense level, which pursuant to the guidelines was the greater of the offense level from § 4B1.1 (career offender) or the offense level from § 4B1.4 (armed career criminal), was calculated pursuant to § 4B1.1 (ECF No. 30, PSR ¶ 30).    The Supreme Court's decision in *Johnson* did not affect the application of the career offender provision.    The Court later held that the advisory Sentencing Guidelines are not subject to a void for vagueness challenge.    *Beckles v. United States*, 137 S. Ct. 886 (2017).    As the Eleventh Circuit held on appeal, with a prior conviction for murder as well as a prior conviction for drug trafficking, Defendant was properly sentenced as a career offender (ECF No. 50).    Defendant is not entitled to relief.

Ground Four

Defendant's final ground for relief is that his court-appointed attorney, Randall Lockhart, was constitutionally ineffective, for a wide array of perceived, but largely unsupported, failings.    Defendant makes a vague, general assertion that counsel did not investigate to uncover basic facts or points of law or perform basic research.    Defendant does not, however, suggest what investigation or research his attorney should have performed that might have affected the outcome of this case. *See Boyd* 697 F.3d at 1333–34.

Case Nos.: 3:13cr52/LAC/EMT; 3:15cv517/LAC/EMT

Defendant faults counsel for not challenging the indictment.　As discussed above, there was no basis for such a challenge. The indictment properly charged three separate offenses, and counsel is not ineffective for failing to file a meritless motion.　*See, e.g., Denson*, 804 F.3d at 1342.

Defendant complains that Mr. Lockhart performed no investigation to prepare an adequate defense.　Defendant offers no suggestion as to what the fruits of such an investigation could have yielded, or how such a defense could have deflected the fact that drugs and weapons were seized directly from Defendant's motel room.

Defendant also claims that he would not have pleaded guilty but for counsel's poor advice.　This bare, conclusory allegation is unsupported and highly suspect in light of the strength of the case against Defendant.　In addition to Defendant's professed satisfaction with counsel at the rearraignment (ECF No. 46 at 16–17), at sentencing counsel noted that Defendant had never intended to go to trial, and Defendant did not contradict this statement in his remarks to the court (ECF No. 47 at 4, 9, 10).

Defendant also asserts that Mr. Lockhart was ineffective because he did not challenge the application of the career offender guideline at sentencing.　Again,

absent a meritorious basis for such a challenge, which did not exist, counsel cannot

be faulted for his failure to raise this issue.     *See, e.g., Denson*, 804 F.3d at 1342.

Continuing, Defendant challenges the fact that counsel never showed him the

grand jury testimony.    Even if this were permissible, Defendant does not suggest

how his viewing the grand jury testimony could have affected the outcome of his

case.

Finally, Defedant appears to suggest that his claim of ineffective assistance of

trial counsel should have been raised on appeal.    Defendant is legally mistaken, as

claims of ineffective assistance of counsel are properly brought in § 2255 motions.

*Massaro*, 538 U.S. at 503.

Although Defendant's reply to the Government's response was due in March

of 2016, nearly fifteen months later Defendant filed a "Motion to Supplement or

Amend Affidavit to Current 28 U.S.C. 2255 and to Rebut and oppose Government's

Affidavit" (ECF No. 60).    The affidavit contains a litany of alleged failings by

counsel, again unsupported by any factual or legal argument, some of which were

raised in his initial motion and some of which were not raised previously (ECF No.

60 at 2).    For instance, Defendant claims that counsel never informed him of his

rights pertaining to the case.    The court advised Defendant of the rights he would

be relinquishing by pleading guilty, and Defendant indicated that he understood (ECF No. 46 at 7–9).   Defendant complains that counsel did not object to what he asked him to object to, although he does not offer any indication as to what objection this might have been.   He also asserts that counsel failed to "investigate" the priors used for the enhancements, although he does not suggest that the prior convictions were infirm in any way.   Finally, Defendant complains that counsel never interviewed any witness to be called by the Government.   In light of his guilty plea, there were no witnesses called by the Government, but in any event Defendant does not indicate what information any witness could have given that might have been helpful to his case.

Despite the addition of the late-filed affidavit, Defendant has not met his burden of showing that counsel's performance was constitutionally ineffective under *Strickland*, and he is not entitled to relief.

Defendant's Supplemental Claim

Defendant filed a "Motion for Leave to Supplement § 2255 Base on [sic] *U.S. v. Mathis* No. 15-6092 (2016) and *Davis v. U.S.* 417 See Also U.S. v. Mays 817 F.3d 728 no. 14-13477 11th Cir. 2016 *See Hinkle v. U.S.* No. 15-10067 (5th Cir. 2016)" (ECF No. 61).   In this motion he essentially contends that the Florida drug

conviction used to support his career offender enhancement was not a proper predicate for the application of this enhancement. His argument is foreclosed by circuit precedent. The Eleventh Circuit has held that drug offenses under Fla. Stat. 893.13(1), the statute under which Defendant was convicted (*see* ECF No. 18), qualify as "serious drug offenses" under the ACCA and as "controlled substance offenses" for purposes of the career offender guidelines despite the lack of mens rea element in § 893.13. *Jones v. United States*, 650 F. App'x 974 (11th Cir. 2016) (citing *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), *cert. denied* 135 S. Ct. 2827 (2015)). No relief is warranted on the supplemental claim.

<u>Conclusion</u>

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, or the supplements thereto, have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore, Defendant's motion should be denied in its entirety.

Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

1.    Defendant's "Motion to Supplement or Amend Affidavit to Current 28 U.S.C. 2255 and to Rebut and oppose Government's Affidavit" (ECF No. 60) is **GRANTED** to the extent the court has considered what is essentially

Case Nos.: 3:13cr52/LAC/EMT; 3:15cv517/LAC/EMT

a belated reply to the Government's response in preparing this recommendation regarding the disposition of the instant § 2255 motion.

2.      Defendant's "Motion for Leave to Supplement § 2255 Base on [sic] *U.S. v. Mathis* No. 15-6092 (2016) and *Davis v. U.S.* 417 See Also U.S. v. Mays 817 F.3d 728 no. 14-13477 11th Cir. 2016 *See Hinkle v. U.S.* No. 15-10067 (5th Cir. 2016)" (ECF No. 61) is **GRANTED** to the extent the court has reviewed the request for relief contained therein.

And based on the foregoing, it is respectfully **RECOMMENDED** that:

1.   The "Amended motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (ECF No. 57), as further amended (ECF Nos. 60, 61), be **DENIED.**

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 25th day of June 2018.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**



Case Nos.: 3:13cr52/LAC/EMT; 3:15cv517/LAC/EMT

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**